UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZOGENIX, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>DEVAL PATRICK, in his official capacity as the GOVERNOR OF MASSACHUSETTS,<br><br>CHERYL BARTLETT, RN, in her official capacity as DEPARTMENT OF PUBLIC HEALTH COMMISSIONER, and<br><br>CANDACE LAPIDUS SLOANE, M.D., et al., in their official capacities as members of the MASSACHUSETTS BOARD OF REGISTRATION IN MEDICINE, and<br><br>KAREN M. RYLE, MS, R.PH, et al., in their official capacities as members of the MASSACHUSETTS BOARD OF REGISTRATION IN PHARMACY, and<br><br>DIPU PATEL-JUNANKAR, PA-C, et al., in their official capacities as members of the MASSACHUSETTS BOARD OF REGISTRATION OF PHYSICIAN ASSISTANTS,<br><br>                    Defendants. | CIVIL ACTION<br>No. 1:14-cv-11689-RWZ |

**DEFENDANTS' MOTION TO VACATE PRELIMINARY INJUNCTION**

Defendants hereby move to vacate this Court's July 8, 2014 (Docket #66) allowance of Plaintiff Zogenix, Inc.'s motion for a preliminary injunction (Docket #46). The July 8 decision allowing, in part, the motion for a preliminary injunction is directed to emergency regulations of the Board of Registration in Medicine ("BORIM") that were revised by final regulations

1

promulgated before the Court's ruling. The final BORIM regulations eliminated the language in the temporary emergency regulations that the July 8 decision addresses. Accordingly, as explained below, Zogenix's preemption claim with respect to BORIM's emergency regulations became moot before this Court issued its July 8 decision.

Defendants have previously explained to the Court and to Zogenix that emergency regulations in Massachusetts may only remain in effect for up to three months following their initial promulgation. *See* Mem. in Support of Defts' Motion to Dismiss, at 13, n. 13 (Docket #45) (citing Mass. G.L. c. 30A, § 2); Mem. in Opposition to Pltf's Motion for an Expedited Briefing Schedule, at 7 (Docket #35) (same). And on July 3, 2014, Defendants filed a document with the Court entitled Defendants' Notice of Partial Mootness and Response to Plaintiff's Supplemental Submission of July 2, 2014 (Docket #65) ("Notice of Mootness"). In that filing, Defendants informed the Court that permanent regulations had been adopted eliminating the emergency BORIM requirement that physicians issue a letter of medical necessity verifying that "other pain management treatments have failed" before prescribing Zohydro ER$^{TM}$ ("Zohydro"). *See* Notice of Mootness at 2-3. Defendants further informed the Court that the permanent BORIM regulation simply requires physicians to "[s]upply a Letter of Medical Necessity as required by the Board of Registration in Pharmacy ["BORIP"] pursuant to 247 CMR 9.04(8)(c)." *Id.* at 3 (quoting 243 CMR 2.07(25)(d), appearing in Exhibit A to the Notice of Mootness). And Defendants explained that the Board of Registration in Pharmacy ("BORIP"), in its permanent regulations, had revised its prior emergency regulations to require only verification by prescribers that "other pain management treatments are inadequate." *Id*. at 3 (quoting 247 CMR 9.04(8)(c)), Exhibit C at 6. This phrase is, of course, the same language employed in the

indication for Zohydro approved by the U.S. Food and Drug Administration ("FDA") and appearing on the Zohydro label. *Id.* at 3[1]

The Court's July 8, 2014 Memorandum of Decision ("Mem. Dec.") does not mention Defendants' Notice of Mootness or the permanent BORIM and BORIP regulations, and recites as the relevant factual background allegations by Zogenix that involve only the emergency regulations. *See* Mem. Dec. at 2-3. It is, therefore, not clear that the Court was even aware of the Defendants' permanent regulations and their impact when it issued its decision. And in any event, the rationale for the Court's allowance of a preliminary injunction relates exclusively to the requirement in the temporary emergency regulations that "other pain management treatments have failed." *See id.* at 4-9, 10. Similarly, the Court stated that Defendants may move to vacate the Court's allowance of the injunction once they "provide adequate and constitutional guidance to physicians regarding the prerequisites for prescribing Zohydro in compliance with the [BORIM letter of medical necessity] regulation." *Id.* at 10. But as of the Court's allowance of the preliminary injunction, Defendants' permanent regulations had already adopted the FDA's requirement that other treatments must be "inadequate" rather than the prior formulation, contained only in the emergency regulations, that other treatments must "have failed." Accordingly, BORIM had already provided what Zogenix necessarily concedes is adequate and constitutional guidance. *See* Mem. Dec. at 4 and 6 (explaining that Zogenix's preemption claim is limited, as to BORIM's regulations, to the "other pain management treatments have failed" requirement and the contention that it is more restrictive than FDA's requirement that other treatments must be "inadequate").

---

[1] As the Notice of Mootness advised was likely, *see* Notice of Mootness at 2, the Board of Registration of Physician Assistants ("BOROPA") has since followed BORIM's lead and adopted final regulations that track those of BORIM, eliminating the "other pain management treatments have failed" requirement. *See* Exhibit A hereto.

As was explained in Defendants' Notice of Mootness, BORIM's and BORIP's issuance of permanent regulations eliminating the previously challenged "other pain management treatments have failed" requirement moots Zogenix's preemption claim as to BORIM's requirements, *see* Notice of Mootness at 2-3, and hence the controversy that gave rise to the Court's July 8 decision allowing a preliminary injunction. *See Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 52 (1st Cir. 2013) (challenges to "government regulatory schemes which have expired or been effectively repealed" are moot); *New England Reg'l Council of Carpenters v. Kinton*, 284 F.3d 9, 18 (1st Cir. 2002); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 198 (4th Cir. 1997) ("since the statutes have been amended, no present, live controversy exists . . . [and any] 'as applied' challenge to the pre-amended statutes is moot"). Where a controversy becomes moot, "Article III considerations require dismissal of the case." *Am. Civil Liberties Union of Mass.*, 705 F.3d at 53 (1st Cir. 2013) (internal quotation omitted).[2]

Even putting aside mootness, the sole basis for the Court's allowance of the preliminary injunction has no relevance to BORIM's regulations as they now read, such that the decision

---

[2] In its recent "Request of Plaintiff Zogenix, Inc., For A Scheduling Conference," at 1 n.1, Zogenix suggests (without explanation) that its preemption claim with respect to the BORIM emergency regulations is not moot. However, Zogenix previously conceded that, as to the BORIM emergency regulations (as opposed to BORIP's regulations), its preemption claim was limited to the "other treatments have failed" requirement and that if the regulatory language were instead that other treatments "are inadequate," "that would be supported by the clinical testing that was performed, supported by the approval that the FDA gave, and it would be consistent with the FDA's approval" such that Zogenix would have no objection. *See* Transcript of 6/10/14 Hearing, at 9, 14-15. It follows as a matter of course that Zogenix's preemption claim as to BORIM is moot, given that the only contested portion of the emergency regulations does not appear in the permanent regulations since adopted by BORIM.

does not support issuance of that injunction and the injunction has no practical effect.[3] And when, as here, factual circumstances change, a district court abuses its equitable authority if it imposes or maintains an injunction after an alleged constitutional violation has ended. *See Horne v. Flores*, 557 U.S. 433, 448–50 (2009).

In short, the Court lacked jurisdiction and authority to impose an injunction with its decision of June 8, because the sole emergency regulation on which the injunction was premised had already been effectively repealed by a permanent regulation. The Court also lacked subject matter jurisdiction to issue the injunction (or otherwise entertain Zogenix's claims) because Zogenix does not have standing to sue. Defendants submit, respectfully, that the Court erred in stating that the defendants "waived" this argument. Mem. Dec. at 10, n. 4. The argument was fully made in six pages of the Defendants' Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction and Motion to Dismiss. *See* Mem. in Support of Defts' Motion to Dismiss, at 20 (Docket #45); Mem. in Opposition to Pltf's Motion for Preliminary Injunction, at 16–20 (Docket #56). Moreover, the question whether Zogenix has standing to sue is jurisdictional, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and cannot be waived, *see SunCom Mobile & Data, Inc. v. FCC*, 87 F.3d 1386, 1388 n.3 (D.C. Cir. 1996) ("Standing, whether constitutional or prudential, is a jurisdictional issue which cannot be waived or conceded."). In fact, given the "limits of the judicial power of the United States," the question of standing must be answered by the Court "even when not otherwise suggested, and

---

[3] Indeed, even if the Court's July 8 decision could be interpreted as allowing the issuance of an injunction against BORIM's permanent regulation requiring a letter of medical necessity, the injunction would have no practical effect because BORIP's permanent regulation is unaffected by the Court's decision and independently requires a letter of medical necessity (employing the FDA's "other pain management treatments are inadequate" language). *See* 247 CMR 9.04(8)(c), Notice of Mootness, Exhibit C at 6.

without respect to the relation of the parties to it." *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

For all of these reasons, Defendants request that the Court vacate its July 8, 2014 preliminary injunction. With respect to the standing issue, Defendants request that the Court render the requisite decision on Zogenix's standing to sue or clarify what more it needs by way of briefing and/or evidentiary submissions to render a decision.

Defendants expressly reserve these and all other objections to the Court's July 8 decision and all rights of appeal.

                                                     Respectfully submitted,
                                                     Defendants
                                                     By their attorneys,

                                                     MARTHA COAKLEY,
                                                     ATTORNEY GENERAL

                                                     /s/ Jo Ann Shotwell Kaplan
                                                     Jo Ann Shotwell Kaplan (BBO #459800)
                                                     Julia Kobick (BBO #680194)
                                                     Eric Gold (BBO #660393)
                                                     Anne Sterman (BBO #650426)
                                                     Assistant Attorneys General
                                                     One Ashburton Place
                                                     Boston, MA 02108
                                                     (617) 963-2085; fax: (617) 727-5785
Dated: July 11, 2014                        JoAnn.Kaplan@state.ma.us

### Certificate Pursuant to Local Rule 7.1(a)(2)

I certify that, on July 10, 2014, I contacted Steven Hollman, counsel for the Plaintiff, and attempted in good faith to reach agreement on this motion.

                                                     /s/ Jo Ann Shotwell Kaplan
                                                     Jo Ann Shotwell Kaplan
                                                     Assistant Attorney General

<u>Certificate of Service</u>

  The undersigned counsel hereby certifies, this 11th day of July, 2014, that this document was filed through the Electronic Case Filing system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent to any parties indicated on the NEF as non-registered participants.

                /s/ Jo Ann Shotwell Kaplan
                Jo Ann Shotwell Kaplan