IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSSACHUSETTS

| | |
|---|---|
| ZOGENIX, INC., <br><br>     Plaintiff, <br><br>     v. <br><br> DEVAL PATRICK, in his official capacity as GOVERNOR OF MASSACHUSETTS, <br><br> CHERYL BARTLETT, RN, in her official capacity as DEPARTMENT OF PUBLIC HEALTH COMMISSIONER, <br><br> CANDACE LAPIDUS SLOANE, M.D., *et al.*, in their Official capacities as members of the MASSACHUSETTS BOARD OF REGISTRATION IN MEDICINE, <br><br> KAREN M. RYLE, MS, R.PH, *et al.*, in their official capacities as members of the MASSACHUSETTS BOARD OF REGISTRATION IN PHARMACY, and <br><br> DIPU PATEL-JUNANKAR, PA-C, *et al.*, in their official capacities as members of the MASSACHUSETTS BOARD OF REGISTRATION OF PHYSICIAN ASSISTANTS, <br>     Defendants. | Civil Action No. 1:14-cv-11689 |

**OPPOSITION OF PLAINTIFF ZOGENIX, INC.
TO DEFENDANTS' MOTION TO VACATE PRELIMINARY INJUNCTION**

  Plaintiff Zogenix, Inc. ("Zogenix") respectfully opposes Defendants' motion to vacate that portion of the Court's July 8, 2014 Order allowing in part the motion of Zogenix for a preliminary injunction. The injunction barred Defendants from seeking to usurp the powers conferred by Congress on the U.S. Food and Drug Administration (FDA) by arrogating to themselves the right to determine whether Zogenix's approved drug Zohydro® ER should be distributed in Massachusetts only in an abuse deterrent formulation ("ADF"), and adopting

1

restrictive regulations to accomplish that preempted purpose.  Defendants base their motion to vacate on two related arguments: (i) mootness, *see* Defs.' Mtn. at 3-4, and (ii) voluntary cessation of the enjoined conduct by Defendants, *see* Defs.' Mtn. at 4.  Neither argument merits vacating the July 8, 2014 Order.  As noted in Zogenix's recent Request for Status Conference, the Commonwealth's new regulations remain problematic because they represent a continuation of Defendants' efforts unduly to restrict the availability of Zohydro® ER in an admitted effort to induce Zogenix to switch to an ADF formulation of the drug.  Because the final regulations are unconstitutional, they do not moot the Court's Order.

    A.  *Pharmacy (BORIP) Regulations:*

While the new pharmacy (BORIP) regulations now permit pharmacy interns to handle Zohydro® ER, they continue to prohibit certified pharmacy technicians from handling the drug – even though certified pharmacy technicians *can* handle all other Schedule II controlled substances, including other non-abuse deterrent extended-release/long acting opioid products. *Compare* 247 CMR 8.05(3) with 247 CMR 8.05(2).  This difference is not without meaning. Certified pharmacy technicians must merely be 18 years old, certified by a Board-approved certifying body, and registered with the Board of Pharmacy.  247 CMR 8.04.  In contrast, pharmacy interns must (i) currently be enrolled in an approved school of pharmacy (*i.e.,* be candidates for their Doctorate of Pharmacy), (ii) have completed two years of education in the approved school of pharmacy in which the candidate is currently enrolled, and (iii) submit appropriate information regarding the internship and a certified statement from the school of pharmacy in advance to the Board.  247 CMR 8.01.[1]

---

[1] Although the regulations are not a model of clarity, if taken literally, they also require a pharmacy intern to have completed 1500 hours of Board-approved pharmacy internship experience, of which at least 1000 hours

2

In addition, in order for a pharmacist to hire a pharmacy intern, the pharmacist must be a registered pharmacy preceptor educator – qualified through actual practice and approved by BORIP to supervise and train pharmacy interns. 247 CMR 8.01(2). A registered pharmacy preceptor may not supervise more than two pharmacy interns at one time. 247 CMR 8.01(13). As a result, even those pharmacies that do accept interns are limited in the number of interns they can accept, and they continue to rely heavily upon certified pharmacy technicians to handle and process Schedule II drugs. Many of the other long-acting/extended release opioids routinely handled by certified pharmacy technicians have higher dosage strengths than Zohydro® ER.

Because the new pharmacy regulation continues to single out Zohydro® ER from all of the extended release/long acting opioids in its class and to impose undue restrictions on the ability of many pharmacies to stock Zohydro® ER, the latest iteration of the pharmacy regulation and defendants' prohibited purpose in promulgating it continue to offend the Supremacy Clause. For this reason, there can be no doubt that the portion of the Court's Order analyzing the pharmacy (BORIP) regulations – including the Court's invitation to Zogenix to provide a more detailed submission on the effect of the new regulations – should remain intact. Indeed, it would make little sense to vacate this portion of the Order; because it does not enjoin Defendants from doing anything, there is nothing mooted by the new regulation and nothing to vacate.

### B. *Physician (BORIM) and Physician Assistant (BOROPA) Regulations:*

With regard to the physician (BORIM) and physician assistant (BOROPA) regulations, Defendants' request that this Court affirmatively vacate the preliminary injunction is misguided. By unfairly targeting Zohydro® ER (and only Zohydro® ER), the physician (BORIM) and

---

has been acquired in a pharmacy or pharmacy-related setting approved by the Board, and no more than 500 hours has been acquired in specified areas. 247 CMR 8.01. But given the context, that requirement appears to be a result of poor drafting.

3

physician assistant (BOROPA) regulations impermissibly seek to coerce Zogenix to change the formulation of the drug to include an abuse deterrent feature. This legislative effort to coerce a change to the formulation of the drug usurps FDA's authority to regulate drugs and otherwise violates the Supremacy Clause.

In any event, the principles discussed in the Court's July 8, 2014 Order regarding the unconstitutional nature of any effort by Defendants to interpret the regulations in a manner that restricts access to Zohydro® ER remain sound. Because the Court's reasoning set forth in its Order applies equally to the final regulations as to the emergency regulations, the Court's discussion of those principles should not be vacated. *See, e.g.*, July 8, 2014 Order at 8-9 ("But if the Commonwealth interprets its regulation to make Zohydro a last-resort option, it undeniably makes Zohydro less available. That presents a constitutional problem."); 9 ("If the Commonwealth interpreted its regulation to require a fresh failure as a precondition to each 30-day Zohydro prescription, it would severely frustrate Zohydro's availability and pose significant constitutional concerns.").

To the extent that this Court finds the newest BORIM and BOROPA regulations to provide the clarity found lacking but invited by the Court in its July 8, 2014 Order at page 10, the Court should simply lift[2] the injunction as it relates to those regulations. In response to Defendants' latest move in its ever-shifting game of "cat and mouse," Zogenix already has indicated its intention to move to amend the Complaint to address the final regulations.

---

[2] There is no basis for vacating the injunction as moot *ab initio*: Defendants themselves have conceded that the physician assistant (BOROPA) regulation, 263 CMR 5.07(12)(d), had not yet been revised at the time the Court issued its July 8, 2014 Order. *See* Defs.' Mtn. at 1 n.1. The enjoined BOROPA regulation was amended on July 11, 2014 – three days after the Court's Order issued. There simply is no basis for pretending that the Order never was valid or that it was moot before it issued.

4

### C. *This Court's Jurisdiction/Authority to Issue the Order*

Finally, Defendants argue that this Court somehow lacked "jurisdiction and authority" to impose an injunction "because the sole emergency regulation on which the injunction was premised had already been effectively repealed by a permanent regulation." Defs.' Mtn. at 5. Not so. The Court's injunction was based in part on the physician assistant (BOROPA) regulation, 263 CMR 5.07(12)(d) – which by Defendants' own admission had not been changed or finalized at the time the Court issued its July 8, 2014 Order. *See* Defs.' Mtn. at 1 n.1; Exhibit A to Defs.' Mtn. (showing that final BOROPA regulation was not issued until July 11, 2014).

Similarly, this Court was well within its rights to reject Defendants' half-hearted attempt at challenging standing. Defendants raised their standing argument in one boilerplate paragraph at the close of their motion to dismiss. Defs. Br. at 20. Defendants did not accompany this paragraph with any explanation or support, only attempting to flesh out the argument in their opposition to Zogenix's motion for preliminary injunction. This tactic deprived Zogenix of any reasonable notice of the basis for Defendants' motion, and the standing argument should have been rejected for that reason alone. *See U.S. v. Russo*, 540 F.2d 1152, 1155 (1st Cir. 1976) ("conclusory boilerplate motion" was properly dismissed where it "did not refer to any facts of the case at hand"); *Zerbe v. Pinal*, Civil No. 05-dc-021-JD, 2006 WL 1451545 * 1 n.1 (D.P.R. May 23, 2006) (requiring parties to file proper motions setting forth the relief sought with "reasons justifying that relief," and declining to resolve claims contained in other documents including objections); District of Massachusetts Local Rule 7.1(b)(1) (2012) (requiring moving parties to file a memorandum of "reasons, including citation of supporting authorities, why the motion should be granted" with each motion filing).

\\DC - 040672/000004 - 5751159 v1

In any event, Zogenix more than adequately alleged personal injury-in-fact that is fairly traceable to Defendants' conduct and that is redressable by the requested relief. Am. Compl. ¶¶ 23, 54-56, 61-62, 66-70, 73-79, 82-83, 89-98, 101-04, 107-08, 113-16. The challenged regulations are directly aimed at restricting the availability of Zogenix's drug. *See McCoy-Elkhorn Coal Corp. v. U.S. Environmental Protection Agency,* 622 F.2d 260, 264 (6th Cir. 1980) (company had standing to challenge regulatory action where it would "continue to suffer a restricted business market at least as long as" it was in place, and a decision in the company's favor would redress its injuries by removing impediments to its in-state sale of coal); *Am. Petroleum Institute v. Cooper*, 681 F. Supp. 2d 635, 639-40 (E.D.N.C. 2010) (vacated in part on other grounds) (finding Article III associational standing for trade association seeking declaratory and injunctive relief against operation of state statute that threatened members' abilities to continue selling ethanol-blended gasoline in-state). The very crux of this Court's analysis focused on the extent to which the record supported a finding that Defendants' regulations restricted the availability of Zohydro® ER. *See, e.g.*, July 8, 2014 Order at 8-9 ("But if the Commonwealth interprets its regulation to make Zohydro a last-resort option, it undeniably makes Zohydro less available. That presents a constitutional problem."); 9 ("If the Commonwealth interpreted its regulation to require a fresh failure as a precondition to each 30-day Zohydro prescription, it would severely frustrate Zohydro's availability and pose significant constitutional concerns.").

\\DC - 040672/000004 - 5751159 v1

**Conclusion**

For all the foregoing reasons, defendants' motion to vacate should be denied.

Dated: July 21, 2014                              Respectfully Submitted,

/s/  Steven P. Hollman

Kenneth J. Parsigian (BBO # 550770)
Steven J. Pacini (BBO # 676132)
LATHAM & WATKINS LLP
John Hancock Tower, 20th Floor
200 Clarendon Street
Boston, MA 02116
Tel:  (617) 948-6000
Fax:  (617) 948-6001
kenneth.parsigian@lw.com
steven.pacini@lw.com

HOGAN LOVELLS US LLP
Steven P. Hollman (*pro hac vice*)
Susan M. Cook (*pro hac vice*)
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5672 (Telephone)
(202) 637-5910 (Fax)
steven.hollman@hoganlovells.com
susan.cook@hoganlovells.com

*Attorneys for Plaintiff Zogenix, Inc.*

\\DC - 040672/000004 - 5751159 v1

## **CERTIFICATE OF SERVICE**

  I certify that this document was filed through the ECF system on the date set forth above and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                     <u>/s/ Steven P. Hollman</u>

\\DC - 040672/000004 - 5751159 v1