# Exhibit B

Issue: 1265  Date: 8/1/14



# THE COMMONWEALTH OF MASSACHUSETTS
*Secretary of the Commonwealth - William Francis Galvin*

# The Massachusetts Register
## TABLE OF CONTENTS

*Page*

**THE GENERAL COURT**
    Acts and Resolves     1

**ADMINISTRATIVE PROCEDURES**
    Notices of Public Review of Prospective Regulations     5
    Cumulative Table     29
    Notice of Expiration of Emergency Regulation     -
    Emergency Regulations     -
    Permanent Regulations     39
    Future Effective Date Regulations     -

MASSACHUSETTS REGISTER (THE) (ISSN-08963681) is published biweekly for $300.00 per year by the Secretary of the Commonwealth, State House, Boston, MA 02133. Second Class postage is paid at Boston, MA. POSTMASTER: Send address change to: Massachusetts Register, State Bookstore, Room 116, State House, Boston, MA 02133.

The text of the regulations published in the electronic version of the Massachusetts Register is unofficial and for informational purposes only. The official version is the printed copy which is available from the State Bookstore at http://www.sec.state.ma.us/spr/sprcat/catidx.htm.

*Page*

**234 CMR    Board of Registration in Dentistry**
    5.00    Requirements for the Practice of Dentistry and Dental Hygiene    49
*Sets dentists' requirements for prescribing hydrocodone only extended release medications that are not in an abuse deterrent formulation. The requirements are intended to reduce the potential for misuse, abuse and overdose.*

**244 CMR    Board of Registration in Nursing**
    4.00    Advanced Practice Registered Nursing    51
*Establishes the criteria that Registered Nurses must meet in order to initially obtain, and subsequently maintain, authorization from the Board of Registration in Nursing to engage in one of the five clinical categories of nursing practice in the expanded role: nurse practitioners, nurse midwives, clinical nurse specialists, psychiatric nurse mental health clinical specialists and nurse anesthetists. Sets forth the prerequisite qualifications, and the responsibilities, functions and limits that define each of the five clinical categories. Changes chapter title.*

**263 CMR    Board of Registration of Physician Assistants**
    5.00    Scope of Practice and Employment of Physician Assistants    53
*Sets physician assistants' requirements for prescribing hydrocodone-only extended release medication that is not in an abuse deterrent formulation. The requirements are intended to reduce the potential for opioid abuse, misuse and overdose.*

**322 CMR    Division of Marine Fisheries**
    6.00    Regulation of Catches - *Compliance*    55
    6.00    Regulation of Catches - *Compliance*    57
    7.00    Permits    59
*Authorizes recreational fishermen to display their recreational saltwater fishing permit and non-commercial lobster and crab permit on their mobile device. Previously, recreational fishermen were required to hold and display a hard copy of their permit.*
    8.00    Coastal Fisheries Conservation and Management - *Correction*    61

The text of the regulations published in the electronic version of the Massachusetts Register is unofficial and for informational purposes only. The official version is the printed copy which is available from the State Bookstore at http://www.sec.state.ma.us/spr/sprcat/catidx.htm.



Docket #    17

**THE COMMONWEALTH OF MASSACHUSETTS**
William Francis Galvin
Secretary of the Commonwealth

## Regulation Filing   *To be completed by filing agency*

**CHAPTER NUMBER:**   263 CMR 5.00

**CHAPTER TITLE:**   Scope of Practice and Employment of Physician Assistants

**AGENCY:**   Board of Registration of Physician Assistants

**SUMMARY OF REGULATION:**   *State the general requirements and purposes of this regulation.*
263 CMR 5.00 pertains to the scope of practice and employment of physician assistants. This regulations sets requirements on the prescribing by physician assistants of hydrocodone-pnly extended release medication that is not in an abuse deterrent forulation. The requirements are intended to reduce the potential for opioid abuse, misuse and overdose.

**REGULATORY AUTHORITY:**   M.G.L. ch. 13, § 10B and M.G.L. ch. 112, § 9F

**AGENCY CONTACT:**   Vita Palazzolo Berg             **PHONE:**   617-973-0821

**ADDRESS:**   Board of Registration of Physician Assistants, 239 Causeway Street, 5th Floor,
Boston, MA 02114

## Compliance with M.G.L. c. 30A

**EMERGENCY ADOPTION -**   *if this regulation is adopted as an emergency, state the nature of the emergency.*

**PRIOR NOTIFICATION AND/OR APPROVAL -**   *If prior notification to and/or approval of the Governor, Legislature or others was required, list each notification, and/or approval and date, including notice to the Local Government Advisory Commission.*
Notification to the Executive Office of Communities and Development sent May 8, 2014; Notification to the Massachusetts Municipal Association sent May 8, 2014; Approval pursuant to Executive Order 485 obtained July 9, 2014

**PUBLIC REVIEW -**   *M.G.L. c. 30A sections 2 and/or 3 requires notice of the hearing or comment period, including a small business impact statement, be filed with the Secretary of the Commonwealth, published in appropriate newspapers, and sent to persons to whom specific notice must be given at least 21 days prior to such hearing or comment period.*

Date of public hearing or comment period:   June 20, 2014

The text of the regulations published in the electronic version of the Massachusetts Register is unofficial and for informational purposes only. The official version is the printed copy which is available from the State Bookstore at http://www.sec.state.ma.us/spr/sprcat/catidx.htm.

FISCAL EFFECT - Estimate the fiscal effect of the public and private sectors.

For the first and second year: _____

For the first five years: _____

No fiscal effect: no fiscal effect

SMALL BUSINESS IMPACT - M.G.L. c. 30A section 5 requires each agency to file an amended small business impact statement with the Secretary of the Commonwealth prior to the adoption of a proposed regulation. If the purpose of this regulation is to set rates for the state, this section does not apply.

Date amended small business impact statement was filed:   July 10, 2014

CODE OF MASSACHUSETTS REGULATIONS INDEX -   List key subjects that are relevant to this regulation:
**Physician Assistants**

PROMULGATION - State the action taken by this regulation and its effect on existing provisions of the Code of Massachusetts Regulations (CMR) or repeal, replace or amend. List by CMR number:
**Amends 263 CMR 5.07(12)**

ATTESTATION - The regulation described herein and attached hereto is a true copy of the regulation adopted by this agency.     ATTEST:

SIGNATURE: _SIGNATURE ON FILE_     DATE: Jul 11 2014

Publication - To be completed by the Regulations Division

MASSACHUSETTS REGISTER NUMBER:   1266     DATE: 08/01/2014

EFFECTIVE DATE:   08/01/2014

CODE OF MASSACHUSETTS REGULATIONS

| Remove these pages: | Insert these pages: |
|---|---|
| 1 & 2 | 1 & 2 |
| 15 - 16.4 | 15 - 16.4 |

A TRUE COPY ATTEST

WILLIAM FRANCIS GALVIN
SECRETARY OF THE COMMONWEALTH
DATE 07/11/2014   CLERK cm

263 CMR: BOARD OF REGISTRATION OF PHYSICIAN ASSISTANTS

Table of Contents

| | | Page |
|---|---|---|
| (263 CMR 1.00: | Reserved) | 3 |
| 263 CMR 2.00: | PURPOSE, AUTHORITY AND DEFINITIONS | 5 |
| Section 2.01: | Purpose | 5 |
| Section 2.02: | Authority and Citation | 5 |
| Section 2.03: | Definitions | 5 |
| Section 2.04: | Advisory Rulings | 6 |
| 263 CMR 3.00: | REGISTRATION OF INDIVIDUAL PHYSICIAN ASSISTANTS | 7 |
| Section 3.01: | General Provisions | 7 |
| Section 3.02: | Requirements for Registration | 7 |
| Section 3.03: | Application for Registration | 8 |
| Section 3.04: | Temporary Practice Certificates | 8 |
| Section 3.05: | Renewal of Registration | 9 |
| Section 3.06: | Lapse of Registration | 9 |
| 263 CMR 4.00: | APPROVAL OF PHYSICIAN ASSISTANT TRAINING PROGRAMS | 11 |
| Section 4.01: | Purpose | 11 |
| Section 4.02: | Definitions | 11 |
| Section 4.03: | Graduation from Approved Program Required for Registration | 11 |
| Section 4.04: | Application for Certificate of Program Approval | 12 |
| Section 4.05: | Issuance of Certificate of Program Approval | 12 |
| Section 4.06: | Termination of Program Approval | 12 |
| 263 CMR 5.00: | SCOPE OF PRACTICE AND EMPLOYMENT OF PHYSICIAN ASSISTANTS | 13 |
| Section 5.01: | Purpose | 13 |
| Section 5.02: | Authority | 13 |
| Section 5.03: | Permissible Work Settings | 13 |
| Section 5.04: | Scope of Services Which May Be Performed | 13 |
| Section 5.05: | Scope of Supervision Required | 14 |
| Section 5.06: | Billing | 15 |
| Section 5.07: | Prescription Practices of a Physician Assistant | 15 |
| Section 5.08: | Physician Assistants Authorized to Operate Fluoroscopic X-ray Systems and to Perform Fluoroscopic Procedures | 16.1 |
| Section 5.09: | Legal Responsibility for Actions of Physician Assistant | 16.3 |
| 263 CMR 6.00: | GROUNDS FOR DISCIPLINARY ACTION | 17 |
| Section 6.01: | Investigation of Complaints | 17 |
| Section 6.02: | Grounds for Disciplinary Action | 18 |
| Section 6.03: | Suspension Prior to Hearing | 18 |

The text of the regulations published in the electronic version of the Massachusetts Register is unofficial and for informational purposes only. The official version is the printed copy which is available from the State Bookstore at http://www.sec.state.ma.us/spr/sprcat/catidx.htm.

263 CMR: BOARD OF REGISTRATION OF PHYSICIAN ASSISTANTS

NON-TEXT PAGE

The text of the regulations published in the electronic version of the Massachusetts Register is unofficial and for informational purposes only. The official version is the printed copy which is available from the State Bookstore at http://www.sec.state.ma.us/spr/sprcat/catidx.htm.

263 CMR: BOARD OF REGISTRATION OF PHYSICIAN ASSISTANTS

### 5.06: Billing

A physician assistant may not bill separately for services rendered. The services of the physician assistant are the services of his or her supervising physician, and shall be billed as such.

### 5.07: Prescription Practices of a Physician Assistant

(1) Any physician assistant who holds a full certificate of registration, issued by the Board pursuant to 263 CMR 3.02: *Requirements for Registration*, may issue written or oral prescriptions or medication orders for a patient, provided that he or she does so in accordance with all applicable state and federal laws and regulations including, but not limited to, M.G.L. c. 112, § 9E; M.G.L. c. 94C, §§ 7, 9 and 20; 105 CMR 700.000: *Implementation of M.G.L. c. 94C*; and 263 CMR 5.07(1).

(2) A physician assistant who holds a temporary certificate of registration, issued by the Board pursuant to 263 CMR 3.04: *Temporary Practice Certificates*, may prepare a written or oral prescription or medication order for a patient, provided that:
   (a) Any such written prescription or medication order is signed by his or her supervising physician, or by another licensed physician who has been designated to assume temporary supervisory responsibilities with respect to that physician assistant pursuant to 263 CMR 5.05(4)(g), prior to the issuance of said prescription or medication order to the patient;
   (b) Any such oral prescription or medication order is approved, in writing, by his or her supervising physician, or by another licensed physician who has been designated to assume temporary supervisory responsibilities with respect to that physician assistant pursuant to 263 CMR 5.05(4)(g), prior to the issuance of that oral prescription or medication order; and
   (c) All such oral or written prescriptions or medication orders are issued in the name of the supervising physician, and are otherwise issued in accordance with all applicable state and federal laws and regulations, including but not limited to, M.G.L. c. 112, § 9E; M.G.L. c. 94C, §§ 7, 9 and 20; 105 CMR 700.000: *Implementation of M.G.L. c. 94C*; and 263 CMR 5.07(2).

(3) Any prescription or medication order issued by a physician assistant for a Schedule II controlled substance, as defined in 105 CMR 700.002: *Schedules of Controlled Substances*, shall be reviewed by his or her supervising physician, or by a temporary supervising physician designated pursuant to 263 CMR 5.05(4)(g), within 96 hours after its issuance.

(4) All physician assistants shall issue prescriptions or medication orders in accordance with written guidelines governing the prescription of medication which are mutually developed and agreed upon by the physician assistant and his or her supervising physician(s).
   (a) Such guidelines shall address, but need not be limited to, the following issues:
      1. Identification of the supervising physician(s) for that work setting;
      2. Frequency of medication reviews by the physician assistant and his or her supervising physician;
      3. Types and classes of medications to be prescribed by the physician assistant;
      4. The initiation and/or renewal of prescriptions for medications which are not within the ordinary scope of practice for the specific work setting in question, but which may be needed to provide appropriate medical care;
      5. The quantity of any medication to be prescribed by a physician assistant, including initial dosage limits and refills;
      6. The types and quantities of Schedule VI medications which may be ordered by the physician assistant from a drug wholesaler, manufacturer, laboratory or distributor for use in the practice setting in question;
      7. Review of initial prescriptions or changes in medication; and
      8. Procedures for initiating intravenous solutions.
   (b) Such guidelines shall be available for review by any duly authorized representative of the Board, the Massachusetts Board of Registration in Medicine, the Massachusetts Department of Public Health, and such other state or federal government agencies as may be reasonably necessary and appropriate to ensure compliance with all applicable state or federal laws and regulations. Copies of such guidelines, however, need not be filed with those agencies.

The text of the regulations published in the electronic version of the Massachusetts Register is unofficial and for informational purposes only. The official version is the printed copy which is available from the State Bookstore at http://www.sec.state.ma.us/spr/sprcat/catidx.htm.

263 CMR: BOARD OF REGISTRATION OF PHYSICIAN ASSISTANTS

5.07: continued

(c) All such guidelines must be in writing and must be signed by both the supervising physician and the physician assistant. Such guidelines shall be reviewed annually and dated and initialed by both the supervising physician and the physician assistant at the time of each such review. The physician assistant and his or her supervising physician may alter such guidelines at any time and any such changes shall be initialed by both parties and dated.

(5) All prescriptions or medication orders issued by a physician assistant shall be issued in a manner which is consistent with the scope of practice of the physician assistant, the guidelines developed pursuant to 263 CMR 5.07(4), and accepted standards of good medical practice for licensed physicians with respect to prescription practices.

(6) At least four hours of the continuing medical education which a physician assistant is required to obtain pursuant to 263 CMR 3.05(3): *Renewal of Registration* as a condition for license renewal shall be in the field of pharmacology and/or pharmacokinetics.

(7) All prescriptions written by a physician assistant shall be written in accordance with 105 CMR 721.000: *Standards for Prescription Format and Security in Massachusetts*.

(8) A physician assistant may order only Schedule VI controlled substances from a drug wholesaler, manufacturer, distributor or laboratory, and only in accordance with the written guidelines developed with his/her supervising physician pursuant to 263 CMR 5.07(4). A physician assistant may sign only for sample Schedule VI controlled substances received by or sent to the practice setting by a pharmaceutical representative.

(9) The use of pre-signed prescription blanks or forms is prohibited.

(10) A physician assistant shall not prescribe controlled substances in Schedules II, III and IV for his or her own use. Except in an emergency, a physician assistant shall not prescribe Schedule II controlled substances for a member of his or her immediate family, including a parent, spouse or equivalent, child, sibling, parent-in-law, son/daughter-in-law, brother/sister-in-law, step-parent, step-child, step-sibling, or other relative permanently residing in the same residence as the physician assistant.

(11) The physician assistant and the supervising physician for that work setting shall be jointly responsible for all prescriptions or medication orders issued by the physician assistant in that work setting.

(12) Prescribing Hydrocodone-only Extended-release Medication. Prior to prescribing a hydrocodone-only extended release medication that is not in an abuse deterrent form, a licensee must:
(a) Thoroughly assess the patient, including an evaluation of the patient's risk factors, substance abuse history, presenting condition(s), current medication(s), a determination that other pain management treatments are inadequate, and a check of the patient's data through the online Prescription Monitoring Program;
(b) Discuss the risks and benefits of the medication with the patient;
(c) Enter into a Pain Management Treatment Agreement with the patient that shall appropriately address drug screening, pill counts, safe storage and disposal and other requirements based on the patient's diagnoses, treatment plan, and risk assessment unless a Pain Management Treatment Agreement is not clinically indicated due to the severity of the patient's medical condition;
(d) Supply a Letter of Medical Necessity as required by the Board of Registration in Pharmacy pursuant to 247 CMR 9.04(8)(c); and
(e) Document 263 CMR 5.07(12)(a) through (d) in the patient's medical record.
The purpose of 263 CMR 5.07(12) is to enhance the public health and welfare by promoting optimum therapeutic outcomes, avoiding patient injury and eliminating medication errors. Nothing in 263 CMR 5.07(12) shall alter the standard of care a licensee must use when prescribing any Schedule II, III or IV controlled substance.

The text of the regulations published in the electronic version of the Massachusetts Register is unofficial and for informational purposes only. The official version is the printed copy which is available from the State Bookstore at http://www.sec.state.ma.us/spr/sprcat/catidx.htm.

263 CMR:  BOARD OF REGISTRATION OF PHYSICIAN ASSISTANTS

5.08: <u>Physician Assistants Authorized to Operate Fluoroscopic X-ray Systems and to Perform Fluoroscopic Procedures</u>

(1) <u>Definitions Applicable to 263 CMR 5.08</u>.
    (a) <u>Fluoroscopy</u> means a technique for generating x-ray images and presenting them simultaneously and continuously as visible images. This term has the same meaning as the term "radioscopy" in the standards of the International Electrotechnical Commission.
    (b) <u>Fluoroscopic Procedure</u> means a radiological imaging study using fluoroscopic guidance.
    (c) <u>Supervising Physician</u>, for the purpose of 263 CMR 5.08, means a physician holding an unrestricted full license in the Commonwealth who:
        1.  is board-certified in radiology or has been trained in the subjects identified in 105 CMR 120.405(K): *Operator Qualifications*;
        2.  signs mutually developed and agreed upon fluoroscopic practice guidelines as required under 263 CMR 5.08(4) and 243 CMR 2.08(6): *Physician Assistants Authorized to Operate Fluoroscopic X-ray Systems* with each physician assistant authorized to operate fluoroscopic x-ray systems whom such physician supervises; and
        3.  reviews the physician assistant's performance of fluoroscopic procedures at least once every three months and provides ongoing direction to the physician assistant regarding such procedures or, pursuant to 263 CMR 5.08(4)(d) and 243 CMR 2.08(6): *Physician Assistants Authorized to Operate Fluoroscopic X-ray Systems*, temporarily delegates such review and direction to another physician holding an unrestricted full license in the Commonwealth who meets the requirements of 243 CMR 2.08(6)(a)2: *Physician Assistants Authorized to Operate Fluoroscopic X-ray Systems*.
    (d) Physician assistant authorized to operate fluoroscopic x-ray systems means a physician assistant who has submitted documentation to the facility where the physician assistant works demonstrating that he or she meets the requirements set out in 105 CMR 120.405(K)(2): *Operator Qualifications*.

(2) A physician assistant who holds a full certificate of registration issued by the Board pursuant to M.G.L. c. 112, § 9I and 263 CMR 3.00: *Registration of Individual Physician Assistants* may operate fluoroscopic x-ray systems and perform fluoroscopic procedures in accordance with 263 CMR 5.08, provided that he or she:
    (a) has been authorized to operate fluoroscopic x-ray systems pursuant to 105 CMR 120.405(K): *Operator Qualifications*;
    (b) engages in the operation of fluoroscopic x-rays systems and the performance of fluoroscopic procedures in compliance with the requirements of 105 CMR 120.405(K): *Operator Qualifications*, Board regulations at 263 CMR 5.08, and 243 CMR 2.08(6): *Physician Assistants*; and
    (c) has otherwise complied with Board regulations at 263 CMR 2.00: *Purpose, Authority and Definitions* through 6.00: *Grounds for Disciplinary Action*.

(3) <u>Physician Supervision of a Physician Assistant Authorized to Operate Fluoroscopic X-ray Systems</u>. A supervising physician shall review the performance of fluoroscopic procedures by, and provide ongoing direction to, a physician assistant authorized to operate fluoroscopic x-ray systems in accordance with written fluoroscopic practice guidelines mutually developed and agreed upon with the physician assistant pursuant to M.G.L. c. 112, § 9E, 263 CMR 5.08 and 243 CMR 2.08(6): *Physician Assistants Authorized to Operate Fluoroscopic X-ray Systems*. Such practice guidelines shall be developed, signed, and dated by both parties prior to any fluoroscopic practice by the physician assistant pursuant to such guidelines. In addition, a physician who is board-certified in radiology or who meets the requirements set forth in 105 CMR 120.405(K): *Operator Qualifications*, shall supervise the physician assistant each time the physician assistant operates a fluoroscopic x-ray system. The level of supervision necessary for each procedure shall be identified in the written practice guidelines.
    (a) A supervising physician shall provide supervision to the physician assistant authorized to operate fluoroscopic x-ray systems as necessary, taking into account the education, training, and experience of the physician assistant, the nature and scope of the physician assistant's practice, and the availability to the physician assistant of clinical back-up by physicians, to ensure that the physician assistant is operating the fluoroscopic x-ray systems in accordance with accepted standards of medical practice.

The text of the regulations published in the electronic version of the Massachusetts Register is unofficial and for informational purposes only. The official version is the printed copy which is available from the State Bookstore at http://www.sec.state.ma.us/spr/sprcat/catidx.htm.

263 CMR: BOARD OF REGISTRATION OF PHYSICIAN ASSISTANTS

5.08: continued

(b) A supervising physician shall sign written fluoroscopic practice guidelines only with those physician assistants for whom such physician is able to provide the supervision required by 263 CMR 5.08(3) and 243 CMR 2.08(6)(b): *Physician Supervision of a Physician Assistant Authorized to Operate Fluoroscopic X-ray Systems*, taking into account factors including, but not limited to, geographical proximity, practice setting, volume and complexity of the patient population, and the experience, training and availability of the supervising physician and the physician assistant(s).

(4) <u>Development, Approval, and Review of Fluoroscopic Practice Guidelines for a Physician Assistant Authorized to Operate Fluoroscopic X-ray Systems</u>. A physician who supervises a physician assistant authorized to operate fluoroscopic x-ray systems shall do so in accordance with written fluoroscopic practice guidelines mutually developed and agreed upon with the physician assistant, and signed and dated by both parties. The supervising physician and the physician assistant shall review, initial, and date such practice guidelines annually. The practice guidelines may be revised at any time upon written agreement by the supervising physician and physician assistant; any such changes shall be initialed and dated by both parties at the time of revision. In all cases, the practice guidelines shall:
 (a) identify the supervising physician by name;
 (b) identify by name each physician who shall provide supervision of the physician assistant's operation of a fluoroscopic x-ray system, and describe each physician's qualifications to provide such supervision, as set out in 263 CMR 5.08(1)(c) and 243 CMR 2.08(6)(b): *Physician Assistants Authorized to Operate Fluoroscopic X-ray Systems*;
 (c) provide that supervision by a supervising physician shall be required whenever a physician assistant operates a fluoroscopic x-ray system and that a supervising physician shall be readily available, which means a supervising physician must be present in the facility at the time of the operation of the fluoroscopic x-ray system;
 (d) include a defined mechanism for the delegation of supervision to another physician who is qualified to operate fluoroscopic x-ray systems pursuant to 105 CMR 120.405(K): *Operator Qualifications* including, but not limited to, the duration and scope of the delegation;
 (e) describe the nature of the supervising physician's practice and practice location;
 (f) specifically describe the nature and scope of the physician assistant's practice;
 (g) identify the type(s) of procedure(s) in which the physician assistant will operate fluoroscopic x-ray systems, including any limitations on the physician assistant's operation of fluoroscopic x-ray systems;
 (h) include a defined mechanism to monitor the physician assistant's operation of fluoroscopic x-ray systems and performance of fluoroscopic procedures, including documentation of review of such operation and procedures by the supervising physician at least once every three months;
 (i) describe the procedure for providing clinical back-up support to the physician assistant in an emergency situation; and
 (j) conform to 105 CMR 120.405(K): *Operator Qualifications*, 263 CMR 5.08, and 243 CMR 2.08(6): *Physician Assistants Authorized to Operate Fluoroscopic X-ray Systems*.

(5) The Board may request at any time an opportunity to review the written fluoroscopic practice guidelines under which a supervising physician provides supervision to a physician assistant authorized to operate fluoroscopic x-ray systems. A physician assistant's failure to have developed fluoroscopic practice guidelines consistent with the requirements of 263 CMR 5.08, or failure to provide such guidelines to the Board upon request, may be a basis for disciplinary action against the physician assistant's license. The Board may require changes in fluoroscopic practice guidelines if it determines that the guidelines do not comply with 263 CMR 5.08 and accepted standards of medical practice. The Board may disapprove fluoroscopic practice guidelines in their entirety if it determines that the supervising physician is not able to provide adequate supervision to the physician assistant authorized to operate fluoroscopic x-ray systems.

The text of the regulations published in the electronic version of the Massachusetts Register is unofficial and for informational purposes only. The official version is the printed copy which is available from the State Bookstore at http://www.sec.state.ma.us/spr/sprcat/catidx.htm.

263 CMR: BOARD OF REGISTRATION OF PHYSICIAN ASSISTANTS

5.08: continued

(6) The Board may request at any time documentation of review by the supervising physician of the physician assistant's fluoroscopic practice as set out in 263 CMR 5.08(4)(h) and 243 CMR 2.08(6)(a)2.c.: *Physician Assistants Authorized to Operate Fluoroscopic X-ray Systems*. Failure to provide such documentation to the Board upon request may be a basis for disciplinary action against the physician assistant's license.

(7) At least four hours of the continuing education required as a condition for license renewal pursuant to 263 CMR 3.05(3): *Renewal of Registration* shall be directly related to fluoroscopic imaging.

5.09: Legal Responsibility for Actions of Physician Assistant

(1) Where a physician assistant is employed by a physician or group of physicians, the employing physician or physicians shall remain legally responsible for the acts or omissions of said physician assistant at all times, including those occasions where said physician assistant, under the direction and supervision of said employing physician or physicians, aids in the care and treatment of patients in a health care facility.

(2) Where a physician assistant is employed by a health care facility, the employing health care facility shall be legally responsible for the acts or omissions of said physician assistant at all times. Physician assistants who are employed by health care facilities shall nevertheless be supervised by licensed physicians, as required by 263 CMR 5.05. Physician assistants employed by health care facilities shall not be utilized as the sole medical personnel in charge of emergency services, outpatient services, or any other clinical service where a licensed physician is not regularly available.

REGULATORY AUTHORITY

263 CMR 5.00: M.G.L. c. 13, § 10B and c. 112, § 9F.

The text of the regulations published in the electronic version of the Massachusetts Register is unofficial and for informational purposes only. The official version is the printed copy which is available from the State Bookstore at http://www.sec.state.ma.us/spr/sprcat/catidx.htm

263 CMR: BOARD OF REGISTRATION OF PHYSICIAN ASSISTANTS

NON-TEXT PAGE

The text of the regulations published in the electronic version of the Massachusetts Register is unofficial and for informational purposes only. The official version is the printed copy which is available from the State Bookstore at http://www.sec.state.ma.us/spr/sprcat/catidx.htm.